## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMPTON J. TURNER,
#M30646,

               **Plaintiff,**

v.

WEXFORD HEALTH SOURCES, INC.,
SCOTT THOMPSON,
WEXFORD NURSE,
JOHN OR JANE DOE, *collegial board member,*

               **Defendants.**

Case No. 22-cv-00510-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Lampton Turner, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. See 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Turner alleges the following: On October 3, 2019, Tuner had a wisdom tooth extracted at an outside facility by Dr. Swanson. (Doc. 1, p. 3). On October 7, 2019, Turner saw dentist Dr. Johnnie at Centralia for a follow-up appointment. At the appointment, Turner told Dr. Johnnie that

he was experiencing numbness in his lip, chin, and lower left side of the extraction area. Turner had another appointment with Dr. Johnnie on October 29, 2019, and again, he complained of persisting numbness. Dr. Johnnie told Turner not to worry unless the numbness lasts longer than six months "because it would be serious, other than that don't worry about it until then." (*Id.*).

On April 7, 2020, after continuing to suffer from numbing and possible nerve damage, Turner wrote the dental department requesting medical treatment but did not receive a response. (Doc. 1, p. 3). He again wrote a request for dental treatment on April 17, 2020, and was seen later that day by a dentist. The dentist told Turner that there was nothing that could be done at Centralia and that Turner would have to see Dr. Swanson who originally extracted his tooth. The dentist said he was going to submit a request for Turner to be referred to Dr. Swanson. (Doc. 1, p. 3-4).

Turner was seen by a nurse at sick call in response to his April 17 request for dental on April 19, 2020. (Doc. 1, p. 4). Turner explained that he had already been to see the dentist on April 17. The nurse stated she was going to record that he "refused" but explained "[i]t doesn't mean you really refused, it just means you didn't need to be seen." (*Id.*).

On June 16, 2020, Turner had an appoint with Dr. Swanson. (Doc. 1, p. 5). Dr. Swanson diagnosed Turner with permanent numbing and nerve damage to his left lower lip and chin. Turner states that his condition could have been reversed if caught and treated in a reasonable timeframe. Dr. Swanson told Turner he had two options for repair, both of which include having his jaw broken and nerve grafting. Turner declined to have additional surgery performed. (*Id.*).

Turner was seen by a dentist at Centralia again on June 28, 2020. (Doc. 1, p. 5). Turner informed the dentist that he did not feel comfortable being operated on by Dr. Swanson and did not want to have his jaw broken. The dentist then asked Turner to sign a refusal form and no alternative treatment was provided. (*Id.*).

Page 2 of 7

**DISCUSSION**

Turner sues all Defendants for deliberate indifference to serious medical needs in violation of the Eighth Amendment. For the following reasons, his claims must be dismissed.

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea,* 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted or failed to act with deliberate indifference to the risk of harm from that condition. *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

Turner sues the Wexford Nurse who saw him on April 19, 2020, because she did not keep accurate medical records when she incorrectly recorded that he refused medical care. He asserts that this inaccuracy exposes him to the "possibility for disaster." (Doc. 1, p. 7). These allegations do not amount to deliberate indifference. According to the Complaint, Turner explained to the Wexford Nurse that he wrote the April 17 request to be seen by a dentist, and he was seen later that day and referred to an outside specialist. There are no allegations that she denied him treatment or delayed his care, and to the extent she acted negligently or incompetently in recording the interaction in Turner's medical file, such conduct does not violate the Eighth Amendment. Accordingly, the claims against the Wexford Nurse are dismissed.

The Eighth Amendment claim against the John or Jane Doe member of the collegial review

board is also dismissed. Turner alleges that this individual delayed approving and scheduling off-sight referrals and prohibited second opinions, but the Complaint is devoid of any factual allegations regarding action or inaction on the part of the John or Jane Doe to support this conclusion. Turner states he saw the dentist at Centralia on April 17, 2020. The dentist informed Turner he was going to submit Turner to be approved to see Dr. Swanson, the outside specialist. He told Turner that because of the corona virus "it might take a while." (Doc. 1, p. 4). Turner saw Dr. Swanson two months later on June 16, 2020. According to the Complaint, the delay in scheduling was caused by restrictions imposed by the COVID-19 pandemic, and Turner does not state what actions John or Jane Doe took to delay his appointment with Dr. Swanson.

Even if actions on the part of John or Jane Doe somehow caused or contributed to the delay in scheduling the appointment with Dr. Swanson, the delay, as pled, does not constitute cruel and unusual punishment. It "is not unusual for individuals, even those not in custody, to wait several months to see a specialist." *Davis v. Cornett,* No. 18-cv-2266-JBM, 2019 WL 6255044, at *3 (C.D. Ill. Nov. 22, 2019) (finding that the plaintiff failed to state a claim where he had to wait two months to see a specialist for a nerve injury and numbness in his hand). Additionally, there are no allegations that the two month wait exasperated Turner's medical condition in anyway. In fact, Turner states that at the time the referral was submitted, the dentist told him the numbness was likely permanent. Accordingly, the Eighth Amendment claim against the John or Jane Doe is dismissed.

As for Warden Thompson, Turner states that Thompson is legally responsible for the operations at Centralia and the welfare of all inmates at the prison. (Doc. 1, p. 2). To be held liable under Section 1983, a person must "have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Warden Thompson cannot be culpable simply because he holds a supervisory position. The doctrine of

*respondeat superior* does not apply to actions filed under Section 1983. Accordingly, the Eighth Amendment claim against Thompson is dismissed.

As a private corporation, to state a claim against Wexford Health Sources, Inc. ("Wexford"), a plaintiff must sufficiently plead that that the constitutional violation was caused by (1) an express corporate policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690–91, 98 (1978). Turner alleges that Wexford has policies, protocols, practices, procedures, and customs that delay access for dental treatment, condone lengthy scheduling, limit access to competent or qualified dentists readily available within the facility, allow for the recording of inaccurate characterizations in the medical records, and fail to provide secondary opinions by alternative but qualified specialists. He has failed, however, to provide factual allegations suggesting that these policies and customs actually caused the constitutional deprivations at issue. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). He draws no causal connection, and he cannot state a claim by relying entirely on bald or conclusory assertions of a constitutional deprivation. Thus, the Eighth Amendment claim against Wexford is dismissed.

Because all of Turner's Eighth Amendment claims are dismissed, the Complaint does not survive preliminary review pursuant to Section 1915A. Turner will be given an opportunity, however, to replead his claims in an amended complaint. If Turner chooses to amend, he should carefully describe the personal actions of each person he names as a defendant. The amended complaint will completely replace the earlier complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to submit an amended complaint on time could result in the dismissal of this entire lawsuit for failure to state a claim or failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed

for failure to comply with a court order); 28 U.S.C. § 1915A.

### MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

The Court recognizes that because Turner is incarcerated, he may have difficulty effectuating service within the 90 day time limit imposed by Federal Rule of Civil Procedure 4(m). Therefore, the Motion for Service of Process at Government Expense (Doc. 2) is **GRANTED.** If Turner files an amended complaint in accordance with the instructions set forth in this Order and successfully pleads a claim against a defendant, then the Court will conduct service on his behalf.

### DISPOSITION

For the reasons stated above, the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief. Turner is **GRANTED** leave to file a "First Amended Complaint" on or before **March 7, 2023.** Should Turner fail to file a First Amended Complaint within the allotted time, the entire case shall be dismissed with prejudice for failure to state a claim or for failure to prosecute. The Clerk of Court is **DIRECTED** to mail Turner a copy of the standard civil rights complaint form along with this Order.

The Motion for Service of Process at Government Expense is **GRANTED.** (Doc. 2).

Turner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 7, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**

**United States District Judge**