IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMPTON J. TURNER, #M30646,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., and<br>JOHN OR JANE DOE, *collegial board member,*<br><br>    Defendants. | Case No. 22-cv-00510-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Lampton Turner, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Turner alleges the following: On October 3, 2019, Tuner had a wisdom tooth extracted at an outside facility. (Doc. 9, p. 2). On October 7, 2019, Turner saw dentist Dr. Johnnie at Centralia

for a follow-up appointment. At the appointment, Turner told Dr. Johnnie that he was experiencing numbness in the lower left side of his lip and chin. Turner had another appointment with Dr. Johnnie on October 29, 2019, and again, he complained of persisting numbness. Dr. Johnnie told Turner, "If it last[s] more than 6 months write me, because it would be serious." (*Id.*).

On April 17, 2020, Turner was seen by another dentist at Centralia. (Doc. 9, p. 3). The dentist asked Turner how long he had been suffering from numbness, and he told the dentist a little bit longer than 6 months. Turner explained that Dr. Johnnie had told him to write if the numbness lasted longer than 6 months. The dentist told Turner that there was nothing that could be done at Centralia and that Turner would have to see Dr. Swanson, the outside specialist who originally extracted his tooth. The dentist said he was going to submit a request for Turner to be referred to Dr. Swanson. (*Id.*). Turner believes the dentist submitted the request to John or Jane Doe, who is a member of Wexford Collegial Board and is responsible for approval and overseeing off-site referrals.

Turner waited 60 days to see the outside specialist. (Doc. 9, p. 3). During this time, he suffered from ulcers, slurred speech, leaking from his lip, lip tightness, and continued nerve damage and numbness. (*Id.*).

On June 16, 2020, Turner had an appoint with Dr. Swanson. (Doc. 9, p. 3). Dr. Swanson told Turner, "it's been to[o] long since the injury, if I caught it…earlier I could have treated it, unfortunately you have permanent numbing and nerve damage to your left lower lip and chin." (*Id.*).

## DISCUSSION

Turner's allegations of deliberate indifference in violation of the Eighth Amendment against Wexford Health Sources, Inc. ("Wexford") and John or Jane Doe of the collegial review

board are almost identical to those alleged in the original Complaint, which was dismissed for failure to state a claim. (*See* Doc. 8). Based on similar reasoning, again, the Court finds that Turner has failed to state a claim of deliberate indifference against either Defendant, and the First Amended Complaint will be dismissed.

Turner seeks to hold John or Jane Doe and Wexford liable for the fact he had to wait 60 days for an appointment with Dr. Swanson. But as the Court previously observed, this "delay, as pled, does not constitute cruel and unusual punishment." (Doc. 8, p. 4). "It 'is not unusual for individuals, even those not in custody, to wait several months to see a specialist.'" (*Id.*) (quoting *Davis v. Cornett*, No. 18-cv-2266-JBM, 2019 WL 6255044, at *3 (C.D. Ill. Nov. 22, 2019)). *See also Jones v. Simek,* 193 F. 3d 485, 491 (7th Cir. 1999) (a doctor waiting six months to arrange for an inmate to see a nerve specialist and refusing to follow the specialist's advice met the standard for deliberate indifference).

Even if the delay rose to the level of a constitutional violation, Turner has failed to plead facts to support the contention that the delay was caused by the deliberate action or inaction on the part of John or Jane Doe or a Wexford policy. He does not describe any conduct or knowledge on the part of John or Jane Doe, and he simply believes this individual caused the delay because he or she is responsible for approval, scheduling, treatment, and overseeing off-site referrals. This type of "bald assertion about a defendant's state of mind does not make a deliberate-indifference claim plausible." *Hanks v. Hubbard*, No. 21-2504, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) (citing *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 (7th Cir. 2021)). *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (courts are not required to assume that conclusory allegations are true, even early in litigation).

Likewise, Turner has not sufficiently pled that the 60-day delay was a result of an expressed

corporate policy or widespread practice implemented by Wexford. He alleges that Wexford has policies of (1) delaying treatment; (2) condoning lengthy scheduling; (3) not having competent or qualified dentists readily available within the facility; and (4) not obtaining a doctor to provide intermediate treatment. (Doc. 9, p. 5). Contrary to these assertions, however, Turner gives the example of another inmate seeing Dr. Swanson twice in two weeks, which suggests there is not a widespread practice or expressed policy of delaying off-site treatment and access to medical providers. There is nothing in the First Amended Complaint inferring a link between a Wexford policy and the scheduling of Turner's appointment with Dr. Swanson. Turner's claims against Defendants are conclusory, which do not state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007) (a successful complaint requires more than speculative and conclusory allegations). Thus, the Eighth Amendment claim against Wexford and John or Jane Doe are again dismissed.

Because there are no claims that survive preliminary review, the First Amended Complaint is dismissed. The Court has given Turner the opportunity to replead his claims, and he has not cured the deficiencies in his original Complaint. Thus, the Court finds that any further amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The First Amended Complaint and this entire case will be dismissed with prejudice for failure to state a claim upon which relief can sought.

## DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Turner may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P.

3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Turner may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   October 4, 2023**

                                             *s/Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**